1  PAUL W. REIDL (SBN 155221)
   Law Office of Paul W. Reidl
2  285 Troon Way
   Half Moon Bay, CA 94019
3  Telephone: (650) 560-8530
   Email: paul@reidllaw.com
4
   *Attorney for JaM Cellars, Inc*
5

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8

9  **JAM CELLARS, INC.,**                Case No.

10          Plaintiff,                   **COMPLAINT FOR:**

11          v.                           **(1) TRADEMARK INFRINGEMENT**
                                         **(2) FALSE DESIGNATION OF ORIGIN**
12  **PLATA WINE PARTNERS, LLC,**        **(3) UNFAIR COMPETITION**
                                         **(4) RESTITUTION FOR UNJUST**
13          Defendant.                   **    ENRICHMENT**
                                         **(5) FALSE ADVERTISING**
14
                                         **DEMAND FOR JURY TRIAL**
15

16

17          JaM Cellars, Inc. hereby alleges as follows on information and belief:

18                          **JURISDICTION**

19          1.      This is an action for infringement of a Federally registered trademark under the Lanham

20  Act, 15 U.S.C. § 1051 *et seq.*, false association under the Lanham Act, infringement of an unregistered

21  mark under the Lanham Act, common law trademark infringement, unfair competition, restitution for

22  unjust enrichment, and false advertising.

23          2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), and

24  15 U.S.C. § 1121, and supplemental jurisdiction pursuant to 28 U.S.C. §§1338 (b) and 1367 (b).  Acts

COMPLAINT
DEMAND FOR JURY TRIAL

1    giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will

2    continue to occur in California and this District.

3                                          **VENUE**

4    3.      Venue properly lies within this District pursuant to 28 U.S.C. § 1391.

5                              **INTRADISTRICT ASSIGNMENT**

6    4.      Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be

7    assigned on a district-wide basis.

8                                       **THE PARTIES**

9    5.      JaM Cellars, Inc. ("JaM") is a California corporation with its principal place of business

10   at 1500 Third Street, Napa California 94559.  It is in the business of making and selling table wine.

11   6.      Defendant Plata Wine Partners, LLC ("Plata") is a California limited liability company

12   with its principal place of business at 855 Bordeaux Way, Suite 100, Napa, California, 94558.  It is in

13   the business of making and selling table wine.  Among other things, it designs and creates "private

14   labels" for customers, including chain retailers.  A "private label" is a brand that is created exclusively

15   for a single retailer and that can be purchased only at that retailer's premises (in States such as

16   California where having an exclusive retail outlet is lawful.)

17                                  **NATURE OF THE CASE**

18   7.      JaM owns the BUTTER trademark for wine.  This case raises claims of trademark

19   infringement, false association, unfair competition, restitution for unjust enrichment, and false

20   advertising based on Plata's adoption of a BUTTERCREAM trademark for wine.

21                          **ALLEGATIONS COMMON TO ALL CLAIMS**

22   8.      JaM is the owner of the trademark BUTTER for wine as well as the owner of United

23   States Trademark Registration No. 3,999,253 for BUTTER for wine in International Class 33.  This

24   registration was issued on July 19, 2011 with constructive use rights dating back to April 11, 2010 (the

COMPLAINT
DEMAND FOR JURY TRIAL

1    "BUTTER Mark"). JaM has used the BUTTER Mark on and in connection with wine since as early as

2    2010. This use was long prior to the acts of Plata complained of herein. This registration is

3    incontestable under 15 U.S.C. § 1065.

4         9.    JaM's BUTTER Mark for wine is not descriptive when used in association with wine

5    and is therefore inherently distinctive.

6         10.   JaM uses its BUTTER Mark on and in connection with California Chardonnay table

7    wine. Wine bearing the BUTTER Mark is offered for sale in forty-eight (48) states, including the state

8    of California. Since, 2010, JaM has sold over six million (6,000,000) bottles of wine bearing the

9    BUTTER Mark in the United States. In 2016 alone, JaM sold over three million (3,000,000) bottles of

10   wine bearing the BUTTER Mark.

11        11.   Since 2010, JaM's dollar sales of wine bearing the BUTTER Mark have exceeded fifty-

12   three million dollars ($53,000,000). In 2016, JaM's sales of wine bearing the BUTTER Mark exceeded

13   twenty-six million dollars ($26,000,000).

14        12.   In 2016, JaM produced over ten million (10,000,000) bottles of wine bearing the

15   BUTTER Mark with a retail value of over one hundred fifty million dollars ($150,000,000).

16        13.   According to Nielsen U.S. Food/Drug/Liquor 52-week report ending December 2016,

17   JaM's wine bearing the BUTTER Mark is the #2 selling Chardonnay wine in the $15-20-dollar price

18   range, the #3 selling Chardonnay wine in the over $10-dollar price range, and the #7 selling Chardonnay

19   wine overall in the United States.

20        14.   Since 2010, JaM has spent well over two million dollars ($2,000,000) advertising and

21   marketing its wine bearing the BUTTER Mark. This includes direct marketing, promotions,

22   sponsorships, wine tastings, catalog and print advertisements, website production and point of sale

23   materials.

24   //

COMPLAINT
DEMAND FOR JURY TRIAL

15.     In 2015 and 2016, JaM was a primary sponsor of the BottleRock Napa Valley music festival where wine bearing the BUTTER Mark was prominently featured and seen, collectively, by over two hundred thousand (200,000) festival attendees.

16.     Wine bearing the BUTTER Mark received an 87-point score in the *Wine Spectator* for its 2011 vintage, was awarded a silver medal at the 2016 San Francisco Chronicle International Wine Competition and received a #1 ranking from wine professionals in the Judgment of Oakland at the 2016 Oakland Wine Festival.  JaM's BUTTER wine was named an Impact Hot Brand for 2016 by the trade publication Impact and Market Watch.

17.     As evidenced by JaM's sales and accolades for wine bearing the BUTTER Mark, JaM owns extremely valuable goodwill in its BUTTER Mark and the mark has extraordinary financial value.

18.     As a result of the widespread, continuous advertising and distribution of wine bearing the BUTTER Mark since as early as 2010, the BUTTER Mark has also acquired distinctiveness among wine consumers. It has become highly distinctive of JaM's wine and well-known among consumers. The BUTTER trademark is a strong trademark that is entitled to the broadest scope of protection.

19.     In 2016, Plata and a large national chain retailer, Retail Services & Systems, Inc. d/b/a Total Wine ("Total"), decided to trade on the goodwill of JaM's BUTTER wine. Total is the largest independent wine retailer in the United States. Plata and Total developed a BUTTERCREAM trademark for wine.  This was intended to be a private label for Total.  The BUTTERCREAM mark would be used on California Chardonnay wine made and bottled by Plata.  The wines were to be priced at the same price as BUTTER wine sold in Total stores.  The BUTTERCREAM wine was intended to trade on the goodwill of JaM's BUTTER Mark by misleading consumers into buying it under the mistaken belief that the wine originated with JaM.  This would thereby divert sales from the BUTTER brand.

//

COMPLAINT
DEMAND FOR JURY TRIAL

20.     On June 6, 2016, Plata's attorney, John B. Dawson, contacted JaM. He was aware of the BUTTER Mark and he asked that JaM enter into a co-existence agreement with Plata for the BUTTERCREAM mark. Under his proposal, JaM would consent to Plata's registration and use of the BUTTERCREAM mark on wine.

21.     On June 21, 2016, Plata filed an application to register BUTTERCREAM as a trademark for wine. In that application, its attorney John B. Dawson swore under oath to the following:

"The signatory believes that to the best of the signatory's knowledge and belief, no

other persons, except, if applicable, concurrent users, have the right to use the mark in

commerce, either in the identical form or in such near resemblance as to be likely,

when used on or in connection with the goods/services of such other persons, to cause

confusion or mistake, or to deceive. The signatory being warned that willful false

statements and the like are punishable by fine or imprisonment, or both, under 18

U.S.C. § 1001, and that such willful false statements and the like may jeopardize the

validity of the application or any registration resulting therefrom, declares that all

statements made of his/her own knowledge are true and all statements made on

information and belief are believed to be true."

22.     At the time the application was filed Plata and its attorney were aware of JaM's BUTTER Mark and its use on California Chardonnay.

23.     On June 30, 2016, JaM's attorney responded to the request by reserving its rights but asking four questions about the proposed use of BUTTERCREAM on wine and the proposed consent agreement. Mr. Dawson answered those questions in a telephone conference with JaM's attorney on July 6, 2016, and clarified those answers in a confirming e-mail of July 8, 2016.

24.     On August 23, 2016, JaM opposed Plata's application to register the BUTTERCREAM trademark. That opposition was filed at the Trademark Trial and Appeal Board (TTAB.)

COMPLAINT
DEMAND FOR JURY TRIAL

1  25.    Plata Answered the opposition on October 17, 2016.  The Answer asserted 14

2  affirmative defenses, one of which reserved the right to assert additional affirmative defenses.

3  26.    On November 2, 2016, JaM moved to strike seven (7) of those affirmative defenses.

4  That motion was granted on February 23, 2017.

5  27.    On December 29, 2016, Plata filed an application for a Federal Certificate of Label

6  Approval ("COLA") for a BUTTERCREAM wine.  Plata sought approval of a BUTTERCREAM label

7  for a California Chardonnay. The wine was to be bottled in King City, California.   Approval was

8  granted on December 2, 2016.  The issuance of a COLA is a legal prerequisite for the release of a wine

9  into U.S. commerce.

10  28.    JaM learned of the Certificate of Label Approval in late February 2017.  On March 6,

11  2017, JaM's attorney again wrote Plata about the BUTTERCREAM trademark.  He noted that JaM had

12  heard conflicting information about the BUTTERCREAM project and it wanted clarification of the

13  project's status. Plata never responded substantively to that letter.

14  29.    Shortly thereafter, JaM learned that BUTTERCREAM wine was available for sale at

15  Total stores and on-line.  Among other ways, the BUTTERCREAM wine was merchandized in a floor

16  display containing a large cut-case card proclaiming: "BUTTER IN A BOTTLE."  A true and accurate

17  photograph of the floor display is depicted below:

18  //

19  //

20  //

21  //

22  //

23  //

24  //

COMPLAINT
DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11



12    30.    The per bottle price for the BUTTERCREAM wine available for purchase from that

13 floor display is $13.99.

14    31.    In adopting the BUTTERCREAM trademark and engaging in these activities, Plata

15 deliberately and intentionally targeted JaM's business, its BUTTER brand and its goodwill. Plata was

16 on statutory and actual notice of JaM's BUTTER trademark before it adopted the BUTTERCREAM

17 mark. Instead of respecting JaM's rights by adopting another name, Plata doubled down on its scheme.

18 Thus, it deliberately targeted JaM and its valuable trademark by appropriating the trademark and its

19 goodwill with full knowledge that JaM owned the trademark rights to BUTTER for wine and that it

20 was of great value to JaM because the trademark has a tremendous amount of consumer goodwill

21 attached to it. Plata did this with the intention of free-riding on the brand recognition, goodwill,

22 investment and success of JaM's brand. The whole point of Plata's conduct is to confuse consumers

23 who are acting on impulse to think that they are purchasing a version of JaM's BUTTER wine when,

24 in fact, they are not, and to compete unfairly with JaM by causing great harm, injury, and damage to

COMPLAINT
DEMAND FOR JURY TRIAL

1  JaM and its valuable brand in the process. The harm and damage will only increase over time as Plata

2  expands its distribution throughout Total stores nationwide.

3      32.   The adoption and use by Plata of the BUTTERCREAM mark in commerce is subsequent

4  to JaM's adoption, use and registration of its BUTTER Mark.

5      33.   The BUTTERCREAM mark is confusingly similar to JaM's BUTTER Mark.   The

6  marks are similar in sight and sound.   They make the same overall commercial impression.   They start

7  with the same dominant term "BUTTER." The labels utilize the same color combination on the labeling

8  (e.g. yellow and black).   The marks are used on the identical goods, namely, Chardonnay wine produced

9  from California grapes.   The wines are sold in the same style of bottle.

10      34.   The BUTTERCREAM and BUTTER marks will be sold in the same channels of trade

11  to the same general class of consumers.   The wines are sold in the same Total stores and over the Total

12  web site.

13      35.   Use of the BUTTERCREAM mark by Plata is likely to confuse consumers into

14  believing that its wine is affiliated with, associated with, connected to, or sponsored by JaM and its

15  popular BUTTER wine, and Plata will unjustly benefit from such association.   Consumers who purchase

16  wine on-line from Total will find BUTTERCREAM wines in their search for BUTTER wines and will

17  inevitably believe that these wines are affiliated with, associated with, connected to, or sponsored by

18  JaM and its popular BUTTER wine, and Plata will unjustly benefit from such association.

19      36.   The infringing use of the BUTTERCREAM mark will unjustly increase the profitability

20  of these brands to the detriment of JaM and at no cost to Plata.

21      37.   JaM will be further harmed as consumers will purchase the BUTTERCREAM wine

22  believing it to be the BUTTER wine or to be affiliated with, associated with, connected to, or sponsored

23  by JaM and thereby forego purchase of the BUTTER wine, resulting in loss of sales to JaM from Plata's

24  unfair competition.

COMPLAINT
DEMAND FOR JURY TRIAL

38.     The infringing use of the confusingly similar BUTTERCREAM mark will financially harm JaM by diminishing the value of its BUTTER Mark.

39.     Plata's use of the BUTTERCREAM mark will also diminish the value of JaM's BUTTER Mark and endanger the ability of JaM's BUTTER Mark to serve as a unique and distinctive source indicator for JaM and its wines.

40.     JaM has no adequate remedy at law. Unless restrained by this Court, Plata will unfairly compete with JaM by using the BUTTERCREAM mark.

41.     This case is an exceptional case entitling JaM to treble damages and attorneys' fees. Plata's conduct further entitles JaM to punitive damages. As demonstrated by the proposed co-existence agreement, Plata knew even before adopting the mark that JaM's BUTTER mark posed a significant risk to its adoption and use of BUTTERCREAM.  It nonetheless decided to adopt the BUTTERCREAM mark in derogation of JaM's trademark rights.

## CLAIM ONE

### (Infringement of a Federally Registered Trademark, 15 U.S.C. § 1114)

42.     The allegations of Paragraphs 1-41 of this Complaint are hereby incorporated by reference.

43.     JaM began using its BUTTER trademark before Plata began using the BUTTERCREAM mark.  Jam filed its application to register BUTTER as a trademark long before Plata file its application to register BUTTERCREAM as a trademark. JaM has priority.

44.     Plata adopted the BUTTERCREAM mark in connection with its wines without authorization from JaM. The mark is highly similar to JaM's registered BUTTER trademark.  The mark is used on identical goods, California Chardonnay wine. In the normal course of trade the wine will be sold and promoted to the same consumers in the same channels of trade.  They will be sold in the same Total stores.  Consumers who see Plata's trademark are likely to believe mistakenly that the wine

COMPLAINT
DEMAND FOR JURY TRIAL

1  originates with, is licensed by or is otherwise associated or affiliated with JaM.  Alternatively, the

2  massive distribution of Plata's wine in Total may lead to the destruction of the goodwill in JaM's

3  trademark, causing consumers to believe mistakenly that JaM's wine originates with, is licensed by or

4  is otherwise associated or affiliated with Plata, or that JaM's wine is simply a version of Plata's wine.

5  This unauthorized use of JaM's trademark by Plata creates a likelihood of confusion and constitutes an

6  infringement of JaM's trademark under 15 U.S.C. §§ 1051 *et seq.*

7    45.    JaM has been and will be injured by Plata's use and promotion of its trademarks.  The

8  use of a highly similar mark on identical goods will undermine if not destroy the goodwill in JaM's

9  trademark and cause damage and injury to it. It will harm JaM's business reputation and goodwill and

10  decrease its business and profits.

11    46.    Plata's' infringing conduct is willful, intentional and in bad faith.  It was aware of JaM's

12  registered trademark prior to adopting its trademarks and therefore had an opportunity to change its

13  mark prior to the launch of its wine.  Plata made a conscious decision to proceed with their scheme to

14  appropriate the goodwill in JaM's trademark.

15    **WHEREFORE**, JaM prays for relief as set forth below.

16                              **CLAIM TWO**

17              **(False Designation of Origin, 15 U.S.C. § 1125)**

18    47.    The allegations of Paragraphs 1-46 of this Complaint are hereby incorporated by

19  reference.

20    48.    The trademark BUTTER points uniquely to JaM, and no one else has used it as a

21  trademark for wine.  JaM began using this term for wine in the United States and California long prior

22  to Plata's use on and in connection with identical goods.

23  //

24  //

COMPLAINT
DEMAND FOR JURY TRIAL

49.     The aforementioned acts are likely to confuse consumers into mistakenly believing that the wine provided by Plata originates with JaM.  This constitutes a false designation of origin under 15 U.S.C. § 1125.

50.     These acts are willful and deliberate.

51.     As a direct consequence of these unlawful acts and practices, JaM has suffered, and will continue to suffer, damage to its business, reputation and goodwill, for which it is entitled to relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE,** JaM prays for relief as set forth below.

## CLAIM THREE

### (Common Law Trademark Infringement)

52.     The allegations of Paragraphs 1-51 of this Complaint are hereby incorporated by reference.

53.     Continuously since 2010, JaM has used the BUTTER trademark to identify its wine and to distinguish it from those offered by others, by, among other things, prominently displaying the trademark on its labels and web site.  The trademark BUTTER points uniquely to JaM, and no one else has used it for wine.  JaM began using this term for wine in the United States and California long prior to Plata's use on and in connection with wine.

54.     This use of JaM's trademark has included use with distributors, retailers and consumers doing business across state lines.

55.     As a result of the sales and advertising by JaM under the BUTTER mark, it has come to indicate wine that originates only with JaM.  Plata's use of highly similar marks on identical goods in the same channels of trade is likely to cause confusion and infringe JaM's common law BUTTER trademark for wine.

//

COMPLAINT
DEMAND FOR JURY TRIAL

1       56.     Plata's infringement of JaM's common law BUTTER trademark mark has been

2 knowing, wilful and intentional, and done without any authorization or permission from JaM and

3 with full knowledge and awareness of JaM's established rights.

4       **WHEREFORE,** JaM prays for relief as set forth below.

5 **CLAIM FOUR**

6 **(California Unfair Competition, B & P § 17200)**

7       57.     The allegations of Paragraphs 1-56 of this Complaint are hereby incorporated by

8 reference.

9       58.     The conduct of Plata as alleged above constitutes unfair, unlawful, and fraudulent

10 business practices in violation of California Business & Professions Code §17200 *et seq*.

11       59.     As a direct and proximate result of the unfair and illegal conduct and representations

12 to consumers and the public by Plata, as herein alleged, JaM has suffered direct injury and damage

13 because sales have been and will be diverted to Plata, in an amount which has not yet ascertained,

14 because consumers mistakenly believe that Plata's wine originates with JaM or is a "bargain" version

15 of JaM's wine. These wrongful acts have proximately caused and/or will continue to cause JaM

16 substantial injury, including confusion in the marketplace, wrongful association, injury to its

17 reputation, direct economic loss, and diminution in value of its trademark. These actions are causing

18 imminent irreparable harm and injury to JaM and will cause it substantial economic injury and harm.

19       60.     As a result of Plata's wrongful conduct, JaM is entitled to recover from

20 Plata the gains, profits, and advantages it has obtained as a result of its wrongful acts as

21 hereinabove alleged and said amounts should be disgorged and restitution made to JaM.

22       **WHEREFORE,** JaM prays for relief as set forth below.

23 //

24 //

Page 12

COMPLAINT
DEMAND FOR JURY TRIAL

**CLAIM FIVE**

**(Restitution Based On Unjust Enrichment)**

61.     The allegations of Paragraphs 1-60 of this Complaint are hereby incorporated by reference.

62.     As a result of Plata's conduct, it has been unjustly enriched at the expense of JaM and the law thereby implies a contract by which Plata must pay to JaM the amount by which, in equity and good conscience, it has been unjustly enriched at the expense of JaM.

**WHEREFORE,** JaM prays for relief as set forth below.

**CLAIM SIX**

**(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)**

63.     The allegations of Paragraphs 1-62 of this Complaint are hereby incorporated by reference.

64.     The above-averred actions of Plata constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**PRAYER FOR RELIEF**

**WHEREFORE,** JaM demands judgment against Plata as follows:

1.     An injunction against Plata enjoining any further infringement of JaM's trademark, further acts of unfair competition and false association; and

2.     An award of damages in an amount to be determined at trial; and

3.     An enhancement of the trademark infringement damages award for willful and deliberate conduct as permitted by the Lanham Act; and

4.     Costs of suit, including JaM's reasonable attorneys' fees as permitted by the Lanham Act; and

COMPLAINT
DEMAND FOR JURY TRIAL

1    5.    An order of remedial advertising as this Court deems just as permitted by the Lanham

2    Act; and

3    6.    An order requiring Plata to recall all infringing wine currently in the market; and

4    7.    That JaM be awarded punitive damages as a result of Plata's conduct; and

5    8.    Such further relief as this Court deems just.

6                    Respectfully Submitted,

7                **LAW OFFICE OF PAUL W. REIDL**

8

9                By:   /s/ Paul W. Reidl

10                PAUL W. REIDL (SBN 155221)
                 Law Office of Paul W. Reidl
                 285 Troon Way
11   Dated: March 14, 2017          Half Moon Bay, CA 94019
                 Telephone: (650) 560-8530
                 Email: paul@reidllaw.com
12
                 *Attorney for JaM Cellars, Inc.*
13

14                **<u>DEMAND FOR JURY TRIAL</u>**

15
     JaM hereby requests a trial by jury in this matter.
16

17                **LAW OFFICE OF PAUL W. REIDL**

18
                 By:   /s/ Paul W. Reidl
19
                 PAUL W. REIDL (SBN 155221)
20               Law Office of Paul W. Reidl
                 285 Troon Way
                 Half Moon Bay, CA 94019
21   Dated: March 14, 2017.          Telephone: (650) 560-8530
                 Email: paul@reidllaw.com
22
                 *Attorney for JaM Cellars, Inc.*
23

24

                        Page 14

COMPLAINT
DEMAND FOR JURY TRIAL